NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-1131

KYOCERA WIRELESS COMPANY,

Plaintiff-Appellee,

v.

PRESIDENT ELECTRONICS, LTD.,

Defendant,

and

TONY COLIDA,

Defendant- Appellant.

_____

DECIDED:  May 2, 2006
_____

Before MAYER, BRYSON, and DYK, Circuit Judges.

PER CURIAM.

## DECISION

Tony Colida appeals from an order of the United States District Court for the Southern District of California, in which the court granted summary judgment to Kyocera Wireless Company ("Kyocera") that it did not infringe Mr. Colida's patent, U.S. Design Patent No. 321,347 ("the '347 patent").  Kyocera Wireless Corp. v. President Elecs., Ltd., No. 05-CV-797 H (JMA) (S.D. Cal. Sept. 23, 2005).  We affirm.

BACKGROUND

Mr. Colida is the president of President Electronics, Ltd., and owns the '347 patent, which is a design patent for a "portable cellular handset telephone."  The patent displays a telephone that roughly resembles a clam shell when closed and has an S-shaped curve along its edge.

On April 6, 2005, Mr. Colida sent a letter to Kyocera, asserting that Kyocera was infringing the '347 patent through its sale, use, and marketing of the Model KX9C telephone.  The letter offered Kyocera a nonexclusive license for a lump-sum payment of $1,000,000 US, and advised that if Mr. Colida did not receive a response from Kyocera within ten days he would be "forced to initiate a patent infringement lawsuit without any further notice."

Nine days later, Kyocera initiated the case from which this appeal comes by filing a complaint in the Southern District of California seeking a declaratory judgment that its KX9C phone did not infringe the '347 patent.  Mr. Colida counterclaimed, asserting infringement.  Kyocera filed a motion for summary judgment on its declaratory judgment claim, which the district court granted on September 23, 2005.  Kyocera then filed a motion for summary judgment on Mr. Colida's infringement counterclaim, which the district court granted on November 16, 2005.  Mr. Colida now appeals.

DISCUSSION

1.  On appeal, Mr. Colida first asserts that in ruling on the issue of infringement the district court "failed to apply the appropriate test regarding novelty, ornamental features, and the role of an expert in making a determination."  We have held that there are two tests for infringement of a design patent, both of which must be satisfied to find

infringement: the "ordinary observer" test and the "point of novelty" test. See Contessa Food Prods., Inc. v. Conagra, Inc., 282 F.3d 1370, 1377 (Fed. Cir. 2002). Under the "ordinary observer" test, the question is whether, "in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." Gorham Co. v. White, 81 U.S. 511, 528 (1871). Under the "point of novelty" test, the question is whether the accused device "appropriates the novelty which distinguishes the patented design from the prior art." Contessa, 282 F.3d at 1377. The district court's summary judgment orders show that it carefully compared the accused device with the patented design in the manner dictated by our precedents and found that Kyocera's device did not infringe. Mr. Colida does not point to any particular error in the district court's analysis, and we discern none.

2. To the extent that Mr. Colida argues that summary judgment was improper without expert testimony, that argument is without merit. The record does not reflect that any of the parties sought to introduce expert evidence, and expert evidence is not always necessary to resolve questions of patent infringement. See, e.g., Union Carbide Corp. v. Am. Can Co., 724 F.2d 1567, 1573 (Fed. Cir. 1984). While expert evidence may be necessary in cases involving complex technology, see Centricut, LLC v. Esab Group, Inc., 390 F.3d 1361, 1369 (Fed. Cir. 2004), this is not such a case, and Mr. Colida does not explain how expert evidence would have been helpful. Because we find no error in the district court's disposition of this case, we affirm the judgment below.